IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF THE STATE OF LOUISIANA

| | | |
|---|---|---|
| **MR. CRAIG CARRICK,** | * | CIVIL ACTION NO.: |
| **Plaintiff** | * | |
| | * | JURY DEMANDED |
| versus | * | |
| **AT&T,** | * | |
| **Defendant** | * | |

# COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, **MR. CRAIG CARRICK**, who complains of Defendant, **BELLSOUTH/AT&T**, and for cause of action and claims for relief would respectfully show the Court as follows**:**

## SUBJECT MATTER JURISDICTION

1. This is an action under 42 U.S.C. §621, et seq., or the Age Discrimination in Employment Act of 1967, as amended, (hereinafter referred to as the ADEA), which prohibits employers from engaging in discriminatory employment practices based on age. A related cause of action is the violation of the Older Workers' Benefits Protection Act, (hereinafter referred to asthe OWBPA), which is codified at 29 U.S.C. §623, et seq., and in particular, Section 7(f) of the OWBPA.  Plaintiff invokes 28 U.S.C. Section 1331 as the basis for Federal Jurisdiction.

## VENUE

2. Venue lies in this Court under 28 U.S.C. §1391(b) (1) and (2) as the events or omissions giving rise to this claim occurred within the Eastern District of Louisiana.

## II

## PARTIES

3. Plaintiff, **CRAIG CARRICK,** is a citizen of the United States, and a resident of St. Tammany Parish in the State of Louisiana; he was an "employee" of Defendant at all times relevant to this cause of action.

4. Made Defendant is **BELLSOUTH/AT&T** (herein referred to as AT&T).  Upon information and belief, **BELLSOUTH/AT&T** is domiciled in the State of Delaware and licensed to do and doing business in Louisiana, and may be served through its Registered Agent:

**C T CORPORATION SYSTEM**
**5615 CORPORATE BLVD., STE. 400B**
**BATON ROUGE, LA 70808**

It has offices in this Judicial District and State, and employed the Plaintiff in this District and State.

5. Upon information and belief, and at all times relevant to this Complaint, the Defendant was engaged in an industry affecting commerce and employed fifteen (15) or more employees. Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. §630 (b).

## III

## OPERATIVE FACTS

6. Plaintiff was born on April 26, 1952, and attained the age of 40-years-old prior to his employment with Defendant; Plaintiff alleges that he was subjected to discrete discriminatory acts and experienced a hostile work environment throughout his employment due to his age.

**7.** Plaintiff began working for Defendant in October 2005 as a Sales Representative. Plaintiff was denied promotion and advancement because of his age throughout his employment; in addition, Plaintiff was unlawfully terminated due to his age.

8. Plaintiff was intentionally discriminated against, and he is entitled to compensatory damages and punitive damages.  Plaintiff asserts that Defendant has engaged in unlawful discrimination with malice or with reckless indifference to the federally protected rights which the law and this court guarantee him.

9. The disciplinary system of AT&T had a disparate impact on Plaintiff based on his age.

10. Plaintiff alleges that the wrongful acts pled herein were either intentionally, directly or tacitly ratified, approved, encouraged, and endorsed by Executive Officers, and management personnel of Defendant, or alternatively, the intentional discriminatory acts of agents and employees were ignored by upper and middle management with negligence and gross negligence, which negligence contributed cause the harm and damages and the basis of this complaint, as follows:

11. Plaintiff alleges that there was a continuing pattern of discrimination at AT&T against Plaintiff because of his age.

12. Throughout his training, Plaintiff was singled out from his peers because of his age, with his supervisor, Shane Richardson often pulling him from the group training sessions to directly question Plaintiff about his age.

13. Plaintiff's supervisor directed another employee to strike Plaintiff about the head and body with a rolled-up newspaper whenever the employee felt Plaintiff had made a mistake. None of the other employees younger ever received this degrading treatment.

14. Beginning in January 2008, Plaintiff was placed under a new supervisor, Ms. Retta Knight.  Ms. Knight questioned Plaintiff regarding his age and attendant abilities daily, often referring to him as "the little engine that could," treatment other younger employees never had to endure.

15. Ms. Knight ultimately orchestrated Plaintiff's termination in May 2008.

## IV

## CONDITIONS PRECEDENT TO SUIT

16. Plaintiff timely filed a Charge of Discrimination with the EEOC on February 23, 2009.

17. Plaintiff's counsel requested and received, a Right to Sue letter dated June 2, 2010 (A copy of which is attached hereto).

18. Plaintiff is filing this action within ninety (90) days of the receipt of the Notice of the Right to Sue.

## V

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE OLDER WORKERS' BENEFIT PROTECTION ACT

19. Plaintiffs hereby adopts and incorporates by reference Paragraphs 1 through 19 as if fully set forth herein.

20. The Defendant was and is an employer within the meaning of Section 11(b) of the ADEA, (29 U.S.C. §630 (b)).

21. At all times relevant to this Complaint, the Defendant was engaged in an industry affecting commerce as defined by Congress in the ADEA at 29 U.S.C.A. §630(h).

22. Plaintiff was an employee and a member of the statutorily protected group during his employment by the Defendant within the meaning of the ADEA.

23. The Defendant, with knowledge of and willful disregard of the ADEA, in violation of the ADEA, used Plaintiff's age, rather than his skills and productivity as a factor in its decision to terminate Plaintiff from its employment.

24. As a direct result of Defendant's use and consideration of Plaintiff's age as a determining factor in its decision to discharge Plaintiff, Defendant violated and breached its duties to Plaintiff within the meaning of the ADEA.

**WHEREFORE**, the Plaintiff respectfully prays for the following:

a. for process to issue and service to be accomplished upon the Defendant,

b. an order awarding the Plaintiff benefits to which he was entitled under the company's paid for health and medical insurance.

c. a declaratory judgment that the practices, procedures complained of and contracts in furtherance thereof are unlawful and void.

d. that the Plaintiff be awarded damages in the amount of $1 million ($1,000,000) for back pay, front pay in lieu of reinstatement, lost benefits, punitive damages, and costs with pre and post judgment interest;

e. reimburse the Plaintiff for all compensatory damages, including, but not limited to, insurance and/or health care costs paid by the Plaintiff and not already paid by other insurance.

f. for such other and general relief as this court deems appropriate.

g. that a jury be empaneled to try this cause.

Respectfully submitted:

                                                   _____
                                                   Stephen J. Gernhauser
                                                   LSBA# 6034
                                                   4224 Canal Street
                                                   New Orleans, Louisiana 70119
                                                   (504) 232-0025
                                                   (866) 820-8166 (facsimile)
                                                   Attorney for Petitioner